```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


EDWARD JENNINGS, #164258,      :

     Plaintiff,                :

vs.                            :   CIVIL ACTION 14-0388-CB-M

ALPHONSE A. CHESTANG, et al.,  :

     Defendants.               :
```

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.   Second Amended Complaint. (Doc. 7).[1]

In the Second Amended Complaint, Plaintiff names as Defendants Christine Frack, Director of Hotel Sales for Ashbury Suites, and Ashbury Suites/Levis Hotels LLC. (Doc. 7 at 4-5). Plaintiff's allegations against Defendants are as follows.

---

[1] Plaintiff was ordered to file a Second amended Complaint, which he was warned would supersede his original Complaint and First Amended Complaint. *See* Doc. 2 at 1; Doc. 6 at 1.

While Plaintiff was at Mobile Work Release, he was employed at Ashbury Suites, 600 W I-65 Service Road, Mobile, Alabama. (*Id.* at 4). Plaintiff was fired from his job there on the word of Defendant Frack, "who called the work center and told them [that he] texted her for picture of herself." (*Id.* at 4-5). Plaintiff claims that this information was false and that he was fired without a reason. (*Id.* at 4).

On July 21, 2014, Sgt. Jeffery Jackson wrote plaintiff a disciplinary. (*Id.*). The hearing officer, Officer Alphonse A. Chestang, found Plaintiff guilty based on Sgt. Jackson's word, which was given without an investigation being conducted or, at least, an adequate investigation. (*Id.*). As a result, Plaintiff lost his job, visitation privileges, and custody. (*Id.*). However, ten days later, Warden Sharon Folks, the warden/designee at the Mobile Work Center, found Plaintiff not guilty. (*Id.* at 5). The warden indicated that Plaintiff "was terminated under false preten[ses]." (*Id.*).[2] Subsequently, Plaintiff was transferred to Decatur Work Center with no reason being given. (*Id.*). Plaintiff claims that he lost pay for two weeks and will have this false work history information wherever

---

[2] Attached to the original Complaint is a copy of the disciplinary report. (Doc. 1 at 14-16). And attached to the First Amended Complaint is a copy of a moneygram transaction that Defendant Frack received from Plaintiff. (Doc. 3 at 3-4).

2

he goes.  (*Id.*).

Plaintiff states that "he only seek[s] to make claims from the defendant Ms[.] Frack and her employe[r] []Ashbury Suites d/b/a/ Levis Hotels LLC[.]"  (*Id.* at 5).  Officer Chestang, Sgt. Jackson, and Warden Folks are identified as only witnesses.  (*Id.*).

For relief, Plaintiff seeks compensatory damages from Defendant Frack, in her personal capacity, in the amount of $500,000.00 for defamation, firing him under false pretenses, mental anguish, and lost compensation, and from Defendant Ashbury Suites/Levis Hotels LLC in the amount of $2,500,000.00 "for allowing [Defendant Frack] to fire him without [a] claim thru EEOC and not paying him for the two week[s] lost[]" and for "mental pay."  (*Id.*).

II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the Second Amended Complaint (Doc. 7) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).[3]

---

[3]  The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001).  However,

A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly,* 550 U.S. at 555, 557 (second brackets in original).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal,* 556 U.S. at 678.

When considering a *pro se* litigant's allegations, a court

---

dismissal is now mandatory under § 1915(e)(2)(B). *Id.* at 1348-49.

gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 129 S.Ct. 1937. Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal,* 556 U.S. at 681. And a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989).

III. <u>Discussion</u>.

Plaintiff filed the present action under 42 U.S.C. § 1983 against Defendants Christine Frack and Ashbury Suites/Levis Hotels LLC. In the Second Amended Complaint, the allegations show these Defendants do not act under color of state law.

However, to state a claim under § 1983, a plaintiff must establish that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . .[This]

5

under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful[.]'"  *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50, 119 S.Ct. 977, 984, 143 L.Ed.2d 130 (1999)(quoting *Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quotation omitted).

It is therefore incumbent on Plaintiff to establish: "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived [him] of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31 (1986).  To determine if a private party acts under color of state law, the United States Supreme Court uses three tests:

> 1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test.  *National Broadcasting Co., Inc. v. Communication Workers of America, AFL-CIO,* 860 F.2d 1022, 1026 (11th Cir. 1988) (footnote omitted).  The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state."  *NBC,* 860 F.2d at 1026 (citations omitted).  The state compulsion test limits state action to instances where the government "has coerced

6

>       or at least significantly encouraged the
>       action alleged to violate the Constitution."
>       *NBC,* 860 F.2d at 1026 (citations omitted).
>       The nexus/joint action test applies where
>       "the state has so far insinuated itself into
>       a position of interdependence with the
>       [private party] that it was a joint
>       participant in the enterprise."  *NBC,* 860
>       F.2d at 1026-27 (citations omitted).

*Willis v. University Health Servs., Inc.,* 993 F.2d 837, 840 (11th Cir.), *cert. denied,* 510 U.S. 976 (1993).  "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."  *Harvey v. Harvey,* 949 F.3d 1127, 1130 (11th Cir. 1992).

   In the present action, no specific allegations were made that Defendants act under color of state law, nor do Defendants appear to be typical state actors.  Moreover, Plaintiff's allegations do not demonstrate that Defendants acted under color of state law because there are no allegations indicating that they performed a traditional state function, that they were coerced by the state, or that they were joint participants with the state in business.  Thus, the Court finds that neither Defendant Frack nor Defendant Ashbury Suites/Levis Hotels LLC is a state actor.

   Consequently, the conduct about which Plaintiff complains with respect to these Defendants was not committed by a person

or an entity acting under color of state law and cannot be considered state action. Accordingly, the Court concludes that Plaintiff's action lacks an arguable basis in law and is, therefore, due to be dismissed as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i). *See Fuller v. Gates,* No. 6:13-cv-01766-RDP-SGC, 2015 WL 854478, at *9-10(N.D. Ala. Feb. 27, 2015)(unpublished)(finding that Platinum Homes, Lamb Motors, and their employees were private entities and not state actors with respect to the work-release plaintiff's claim); *Eatmon v. Pilgrim Pride Chicken Plant,* CA No. 1:11-CV-1002-TMH, 2012 WL 1319537, at *1 (M.D. Ala. Mar. 20, 2012) (unpublished) (finding that the work release inmate's claims against his employer, Pilgrim Pride, and his supervisor at Pilgrim Pride were frivolous because these Defendants did not act under color of state law).[4]

---

[4] An alternate basis on which to dismiss this action is 42 U.S.C. § 1997e(e). Plaintiff did not allege a physical injury that is connected to the allegations, and he seeks $500,000.00 from one Defendant and $2,500,000.00 from the other Defendant. (Doc. 5-1 at 3). Section 1997e(e), which is entitled "Limitation on recovery," provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C § 1997e(e). This section prevents the recovery of compensatory and punitive damages by an inmate when no physical injury is alleged. *Al-Amin v. Smith,* 637 F.3d 1192,1193 (11th Cir. 2011). Plaintiff's damages request falls within this category, as he identifies his damages request as being for

IV. <u>Conclusion.</u>

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

**<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>.R.C<small>IV</small>.P. 72(b); S.D. A<small>LA</small>. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2013). In order to be specific, an objection must identify the

---

compensatory damages and recovery for, *inter alia*, "mental injury," with no physical being alleged. Due to the large size of his damages request, his damages request cannot be considered nominal. *See Carey v. Piphus,* 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.Ed.2d 252 (1978) (holding nominal damages should not exceed one dollar); *In re Bayside Prison Litigation,* CA 09-2365(RBS/JS), 2010 WL 4916716, at *4 (D.N.J. Nov. 23, 2010) (unpublished) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'"). This action is, therefore, subject to dismissal on the alternate ground of 42 U.S.C.§ 1997e(e).

9

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

  DONE this 9th day of March, 2015.

            s/ Bert W. Milling, Jr.
            UNITED STATES MAGISTRATE JUDGE

I